UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WARREN MATHEW GIDDINGS,

                Plaintiff,

-v-

UNITED STATES OF AMERICA,

                Defendant.

23-CV-7241 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

    Plaintiff, who currently is incarcerated at Jessup Correctional Facility in Maryland, filed this *pro se* complaint asserting negligence claims under the Federal Tort Claims Act ("FTCA"), against the United States. By order dated November 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    To allow Plaintiff to effect service on Defendant the United States through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to (1) mark the box on the USM-285 form labeled "Check for service on U.S.A.," for service on the United States; (2) issue summonses for the United States; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the address for the United States and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further directed to mail to Plaintiff an information package.

SO ORDERED.

Dated:   December 15, 2023
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. United States of America
   United States Attorney, Southern District of New York
   Civil Division
   86 Chambers Street, Third Floor
   New York, New York 10007

2. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530-0001

3. U.S. Commodity Futures Trading Commission
   Three Lafayette Centre
   1155 21st Street, NW
   Washington, DC 20581