UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN MATHEW GIDDINGS,
                    Plaintiff,

              -v-

UNITED STATES,
                    Defendant.

23-CV-7241 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action is dismissed without prejudice for failure to prosecute.  On August 15, 2023, Plaintiff Warren Mathew Giddings brought this action against the United States pursuant to the Federal Tort Claims Act.  (ECF No. 1.)  The United States filed a motion to dismiss on March 4, 2024. (ECF No. 14.)  This Court's Individual Practices in Pro Se Cases require a Plaintiff to file an opposition brief within four weeks of the date he is served with Defendant's motion papers. Plaintiff failed to file an opposition, and the U.S. Postal Service returned the mailing in which the United States served Plaintiff the motion to dismiss and the supporting documents.  Plaintiff also failed to notify the Court of a change in address.

      On April 29, 2024, the Court issued an order directing Plaintiff to advise the Court in writing why he has failed to respond to the motion to dismiss and notify the Court of a change in address.  The order also stated that if no written communication was received by May 20, 2024, showing good cause why Plaintiff failed to respond to the motion to dismiss and to maintain a current address with the Court, the case would be dismissed for failure to prosecute.  (ECF No. 19.)  Plaintiff failed to respond to the order to show cause by May 20, 2024.

      Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*,

1

768 F.3d 212, 216 (2d Cir. 2014).  It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay."  *Lesane*, 239 F.3d at 210.  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."  *Id.* at 209.

      Accordingly, this action is dismissed without prejudice to refiling.

      Defendant's motion to dismiss is DENIED AS MOOT in light of this order.

      The Clerk of Court is directed to close the motion at ECF Number 14 and to close this case.

      SO ORDERED.

Dated: May 21, 2024
       New York, New York

                                          J. PAUL OETKEN
                                          United States District Judge